EASTERN DIST.
*January*, 1832.

NEWSOM
*vs.*
ADAMS.

**NEWSON *vs.* ADAMS.**

APPEAL *FROM THE* COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

Where paraphernal property of the wife is given in exchange, that received in place of it, partakes of the same character, and cannot be alienated by the husband, without her consent.

Matter occurring after the suit is commenced, may be given in evidence, but a recognitive act cannot affect the rights of third parties, acquired previous to the recognition.

The purchaser of the wife's paraphernal property, cannot call in question her title to that which was given in exchange for it.

The facts are fully stated in the opinion of the court, delivered by *Mathews, J.*

This suit is prosecuted by the wife of Moses Newsom, with his assistance, to recover from the defendant, a negro woman and her child, which she claims as her paraphernal property, and also damages for their detention. Judgment was rendered in her favor in the court below, from which the defendant appealed.

The title set up by the plaintiff, to the slaves now in contest, is based on an exchange made in the state of Mississippi, with her uncle, Robert Singleton, in which she gave for them a negro man named Cæsar, which she inherited from her father. The defendant, after denying the allegations in the petition, claimed title to these slaves, under the husband of the plaintiff.

The facts of the case deducible from the evidence which was properly admitted in the court below, are the following. The title to the slave Cæsar, is traced back to Robert Singleton, the grandfather of the plaintiff; after his death he came into the possession of David Singleton, one of the heirs of the deceased Robert and father of the plaintiff, and after the decease of the latter, into her possession as heir; who exchanged him for the slaves now in dispute, with her uncle, Robert Singleton, through the agency of her husband, who

afterwards sold and conveyed them to the defendant. The exchange was made in the state of Mississippi, by verbal contract, at the time when the owner of Cæsar was a citizen of Louisiana, and with a view to bring the property received in exchange into the latter state. It is proven that a contract made in relation to this species of property, is valid by parole, accompanied by delivery, in that state.

The principal legal question arising out of these facts is, whether the property claimed was paraphernalia of the wife, or belonged to the community of acquests and gains, at the time the husband sold to the defendant. It is clear, that the slave Cæsar was paraphernal, as Mrs. Newsom held him by decent from her ancestors, and consequently was not acquired in any of the modes pointed out in *art.* 2371 *of the Louisiana Code*, which designates the property of a matri‑ monial partnership, and the various means of acqusition, in which it becomes common to the conjugal partners. This slave being the paraphernal property of the wife, she had a right to allienate him with the consent of her husband. She did so, by the exchange made with her uncle, as above stated, in which the consent of her husband is clearly evidenced, by acting as her agent in making the contract.

Having ascertained the nature of the property given in exchange, it is necessary to examine the legal destination of that which was received. A case very similar to the present is to be found in the *Louisiana Reports*, 520, the principles of which were perhaps more unfavorable to the pretensions of the plaintiff, than those included in the one now under consideration. It was decided under provisions of the Spanish law; the present falls under those of our code, but on exami‑ nation, we are unable to find any conflict in relation to this subject, between the former and present laws of the country. In the case cited, the plaintiff claimed a lot of ground, which had been given to her in lieu of money, which she inherited from her ancestor. In the present, there was an exchange made of the same kind of property. *Pothier*, contracts of sale, *part* 7, *no.* 629, states it to be one of the principal effects of an exchange, that the thing is subrogated in full right to that

which was alienated ; *subrogatum capit naturam subrogati.* We therefore conclude, that the slaves received in exchange for Cæsar, were at the time when they were sold by the husband of the plaintiff, the paraphernal property of the latter ; and the sale being unauthorised by her, the purchaser acquired no right to them under it.

The evidence offered in proof of the exchange, was objected to ; but we think it was properly admitted in conformity to the laws of Mississippi, where the contract was made, and also, that the objection made to the introduction of a subsequent written recognition of said contract, by one of the contracting parties, was properly overruled by the court below, notwithstanding this recognition was made after the suit was commenced, for we are ignorant of any principle of justice, or rule of law, which prohibits a plaintiff from strengthening his titles to property in dispute, by any fair means, up to the time of rendering judgment.    It must, however, be understood, that a recognitive act, could not legalize a contract made without the formalities of law, against the interest of third parties, who may have acquired rights previous to the recognition ; but in the present case, the original contract was legal and valid.

As a last resource, the defendant questions the title of the plaintiff to the slave, which she gave in exchange.    This we think he has no right to do, so long as the person who received this property acquiesces in the validity of the title under which he holds, it forms a good consideration for the exchange, and the title to that which was given, cannot legally be attacked in this indirect manner.    If these slaves had been given to the plaintiff as a donation to her, separately from her husband, they would probably, under our law, be considered as paraphernal.

Since the argument of this cause in open court, the counsel for the appellee, has handed in a brief, on which he prays an amendment of the judgment rendered in the court below, by decreeing to her the increase of the female slave (claimed in the petition) by the birth of children, since the commencement of the suit.    This perhaps might be done, if it had been

EASTERN DIST.
*January*, 1832.

NEWSOM
*vs.*
ADAMS.

Where paraphernal property of the wife is given in exchange, that received in place of it, partakes of the same character, and cannot be alienated by the husband without her consent.

Matters occurring after the suit is commenced may be given in evidence, but a recognitive act cannot affect the rights of third parties acquried privious to the recognition.

The purchaser of the wife's paraphernal property cannot call in question her title to that which was given in exchange for it.

EASTERN DIST.
January, 1832.

required in the answer to the appeal, but as this was not requested within the time limited by the Code of Practice, and consequently we are precluded from taking this matter into consideration.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.