PRICE, Judge.
This devolutive appeal involves a review of a trial court decision in a declaratory judgment action confirming the parapher-nality of certain property purchased by a married woman and subsequently transferred to the plaintiff herein.
Minden Chamber of Commerce, Inc. purchased the subject property from Hugh Palmore Dupuy and Juanita Urrey Dupuy, legatees of Mrs. Maude Palmore Petrey, on January IS, 1970. Mrs. Petrey acquired the property on November 19, 1923, for a recited total consideration of $6,215.00. The deed of acquisition shows $2,500.00 was paid in cash, a mortgage note of $3,-300.00, payable in monthly installments, was assumed by purchaser, and the balance of $415.00 was represented by a promissory note. The deed recited that Maude Pal-more Petrey was the wife of C. W. Petrey and was purchasing the property with her own separate and paraphernal funds for the benefit of her separate estate. The deed was witnessed by. C. W. Petrey.
On July 23, 1937, Mr. and Mrs. Petrey executed and recorded a notarial act in Webster Parish in which they declared the subject property was bought by Mrs. Pe-trey with her own separate and parapher-nal funds, under her own control and management and for the benefit of her separate paraphernal estate. It was further recited that the cash payment of $2,500.00 was procured by Mrs. Petrey by a mortgage on separate property owned by her in Hope, Arkansas, and that this sum was used as the down payment on subject property. The parties also declared that the payments on' the mortgage assumed were all made by Mrs. Petrey from her separate funds under her administration and control, and that Mr. Petrey made no contribution to the purchase of this property.
C. W. Petrey died August 15, 1938, survived by Mrs. Petrey, two children from a prior marriage, and possibly by a third adopted child. Maude Petrey died at her Arkansas domicile on December 1, 1966, leaving no descendants. Probate proceedings resulted in the recognition of Hugh Palmore Dupuy and Juanita Urrey Dupuy as universal legatees and owners of the Webster Parish property.
Immediately after acquiring the subject property from the two above named legatees, the Minden Chamber of Commerce brought this declaratory judgment action to determine whether it was the lawful owner of the property in light of the fact that the validity of its title might depend upon the truth of the declarations that this property, bought during the existence of the marital community, was actually separate property of the wife. Plaintiff also filed pleas of one, five, ten, twenty and thirty years liberative and acquisitive prescription.
The named defendants in this action are Iris Petrey Goodman, Walter Petrey and Gladys Jones Pittman, alleged to be the sole heirs at law of C. W. Petrey. All of these parties, other than Gladys Jones Pittman, are non-residents of the State of Louisiana, and an attorney at law was appointed curator ad hoc to represent them in this action. No responsive pleadings were filed on behalf of Gladys Jones Pittman, and judgment by default was obtained against her. An answer was filed by the attorney for the absent defendants *845 and trial on the merits was held on May 18, 1970, resulting in judgment for the plaintiff based on the conclusion of the trial judge that the property was a part of the separate and paraphernal estate of Mrs. Petrey and was inherited in full ownership by her two named legatees, Hugh and Juanita Dupuy.
On this appeal the defendant contend that the lower court erred in finding that the plaintiff presented sufficient evidence to overcome the presumption that all property acquired by either partner during the marriage is presumed to be community property; La.Civ.Code arts. 2402 and 2405. In the Supreme Court case of Betz v. Ri-viere, 211 La. 43, 29 So.2d 465 (1947), the court defined the burden on the party seeking to overcome the presumption laid down under these articles as follows:
“Under our community system of law all property acquired by either spouse during the existence of the marriage is presumed to fall into the community of acquets and gains and to overcome this presumption the wife claiming the property in her own name to be her separate property must establish (1) the para-phernality of the funds used for the purchase; (2) her individual administration of the property; and (3) that the money was invested by her. In the event the purchase is made on credit, she has the further burden of establishing (4) that she not only made the down payment out of her separate and paraphernal funds, but that she had sufficient separate revenues and funds to make the purchase with reasonable certainty of being able to meet the deferred payments.”
The evidence in this record shows that prior to her marriage Mrs. Petrey and her brother purchased a building in the town of Hope, Arkansas, which they converted into a boarding house. Mrs. Petrey participated in the operation of this boarding house until the time she married C. W. Pe-trey and then moved to Stamps, Arkansas. She and Mr. Petrey thereafter moved to Minden, Louisiana, in the year 1923. The evidence further shows that at about the same time Mrs. Petrey acquired the residential property in Minden which is the subject of this suit (November 19, 1923), she executed a mortgage on the boarding house property in Hope (November 17, 1923), for the identical sum of $2,500.00 that was the cash portion of the purchase price of the Minden property.
Hugh Palmore Dupuy, a nephew of Mrs. Petrey and one of the vendors herein, was called as a witness on behalf of plaintiff to give the court the benefit of his knowledge of the financial affairs of Mrs. Petrey during the years pertinent to this action. Dupuy, sixty-five years old, testified that he was personally familiar with the activities of Mrs. Petrey at about the time she and her brother, W. T. Palmore, acquired the boarding house property and was familiar with its operation on down through the years. He recalled that Mrs. Petrey had leased the boarding house to various parties after her marriage and had received a monthly income, varying in amount but generally in excess of $100.00 per month, during the period of time following the purchase of the residence in Minden. He also stated that W. T. Pal-more did not receive any of the rents from the boarding house as he reserved a room for his own use and received his board free of charge from the lessees. Dupuy, who purportedly visited the Petreys very often after their move to Louisiana, stated that Mrs. Petrey informed him she used the rents from the Arkansas boarding house to pay for the house in Minden.
It was stipulated by the parties to this action that under the law of the State of Arkansas in existence during all of the time pertinent to this action, the community property system did not exist in that State, and that the revenues from the separate property owned by Mrs. Petrey there were her own separate property under the law of Arkansas.
Under the Louisiana law controlling at the time of this action, La.Civ.Code art. *846 2386 (prior to its amendment in 1944), the rents from the separate property of the wife not administered by her husband or the spouses indifferently, belonged to the separate estate of the wife.
Appellants contend the trial court erred in holding the evidence in the record sufficient to overcome the presumption that this property, acquired during marriage, is community property. While a notarial act executed by one spouse acknowledging the paraphernality of property acquired by the other has been held insufficient when standing alone, such an affidavit, if corroborated, may serve to establish paraphernality.
 Appellants strenuously argue the testimony of Hugh Palmore Dupuy should not merit serious consideration in that he is a vendor to plaintiff, and, therefore, a warrantor of its title, and thus clearly has a self-serving interest in this matter. While it may be true that his testimony should be carefully scrutinized in light of this contention, it is nonetheless admissible, and may be accorded appropriate weight by the court. We are convinced, from an examination of the evidence in the record, that the trial judge properly evaluated the testimony of this witness.
In written reasons for judgment, the trial judge emphasized that the testimony of Dupuy, standing alone, would not suffice to combat the presumption of community. Nor would the notarial act of acknowledgment by C. W. Petrey have been sufficient in itself, under the prevailing jurisprudence. However, the trial judge concluded that the foregoing evidence, construed with documentary evidence in the record, sufficiently established the para-phernality of the property in question.
The notarial act of acknowledgment filed in evidence is very detailed in its scope and not only evinces the intent to classify the property as the separate property of Mrs. Petrey, but also closely describes the manner in which the consideration was paid by her, as well as the amount remitted by her on the assumed mortgage through the date of the instrument. The declaration also recites that costs of repairs of storm damage in 1933 were paid by Mrs. Petrey from a loan obtained by her from a loan company, thus indicating her separate maintenance of this property during marriage.
It should be noted that Mrs. Petrey personally contracted to pay the balance due on the assumed mortgage, whereas her husband, C. W. Petrey, was at no time involved with or liable for this indebtedness.
We believe this evidence, standing un-contradicted, is sufficient to show the intent at the time of purchase for the property to be separate property of Mrs. Pe-trey, and to further show the availability and use of funds derived from a mortgage of her separate property to provide the cash portion of the purchase price. The evidence also reveals a separate income to Mrs. Petrey enabling her to pay the assumed mortgage.
To require the third party transferee of this property to provide additional evidence tracing the money received by Mrs. Petrey from its receipt to the actual payments on the assumed mortgage would be an unreasonable, and perhaps impossible, burden.
We concur in the conclusion of the trial judge that the evidence in the record, taken as a whole and standing uncontra-dicted, is sufficient to establish the property in question as the separate and para-phernal property of Mrs. Petrey, and that the acquisition by plaintiff herein from her legatees made it the sole owner of the property.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.