HALL, Judge:
Plaintiffs, George Wayne McAlister and his wife, Helen Roseanne Yarbrough McAl-ister, filed suit to annul a donation and subsequent onerous transfers of a tract of land, asserting that the alienation of the community property was made by Mrs. McAlister without the concurrence of her husband in contravention of LSA-C.C. Art. 2347.[1] Made defendants were George C. Yarbrough and Theresa Helen Foster Yar-brough, parents of Mrs. McAlister, to whom the property was conveyed by donation, the Federal Land Bank of Jackson, to whom the Yarbroughs conveyed the property by dation en paiement, and other parties to whom the Land Bank subsequently sold parts of the property.
All defendants except the Yarbroughs filed exceptions of no cause of action asserting that under LSA-C.C. Art. 2342[2] the status of the property as the separate property of Mrs. McAlister and the validity of the donation by her and the subsequent onerous transfers cannot be controverted because the exchange deed by which Mrs. McAlister acquired the property contained a declaration that Mrs. McAlister was dealing with her separate property.
The district court sustained the exceptions and, upon plaintiffs’ failure to amend their petition within 15 days, dismissed plaintiffs’ suit. Plaintiffs appealed. Agreeing with the trial court that the declaration of paraphernality contained in the exchange deed by which Mrs. McAlister acquired the property was sufficient to trigger Art. 2342’s provisions protecting transferees by onerous title, we affirm.
The allegations of plaintiffs’ petition, together with the copies of documents attached thereto as a part thereof, show that in January 1980 the Yarbroughs donated to Mrs. McAlister individually as her separate property a 320-acre tract of land. In January 1981, Mrs. McAlister entered into an exchange deed with Albert Eugene Yar-brough and Geneva Mae Jordan Yar-brough, by which she exchanged the 320-acre tract and the sum of $100,000 cash for the property which is the subject of this suit. The appearance clause of the exchange deed described Mrs. McAlister as being the wife of George Wayne McAlister *175 and as “herein dealing with her separate and paraphernal property.” In March 1985, Mrs. McAlister donated the subject property to her parents, Mr. and Mrs. Yar-brough. Mr. McAlister did not sign any of the foregoing instruments, either as a party or as a witness. Later in March 1985, the Yarbroughs transferred the property to the Federal Land Bank of Jackson in satisfaction of a substantial indebtedness owed to the Land Bank. In December 1985, June 1986, and January 1988, the Land Bank sold parts of the property to the other defendants.
Defendants contend that since the exchange deed by which Mrs. McAlister acquired the property contained a declaration of paraphernality and the property has since been alienated by onerous title, plaintiffs cannot now seek to annul the subsequent transfers on the ground of the falsity of the declaration. Plaintiffs contend that the declaration contained in the exchange deed is vague and incomplete and does not meet the requirement of LSA-C.C. Art. 2342 of a declaration in an act of acquisition that “things are acquired with separate funds as the separate property of a spouse.”
While not artfully drawn in the precise language of the Code article, the declaration that Mrs. McAlister was “dealing with her separate and paraphernal property” sufficiently complies with the requirement of the article. The language plainly indicates that Mrs. McAlister was exchanging her separate property, both the tract of land and the $100,000 cash, for the property being acquired as her separate property. The subsequent transferees by onerous title were entitled to rely on the declaration and the protection afforded by Art. 2342, which provides that where there has been such a declaration, an alienation of the property by onerous title may not be set aside on the ground of the falsity of the declaration. See Levatino v. Levatino, 506 So.2d 858, 862 (La.App. 1st Cir.1987).
Since plaintiffs are precluded from asserting the nullity of the onerous alien-ations to the present owners on the ground of the falsity of the declaration contained in the act by which Mrs. McAlister acquired the property, the district court was correct in sustaining the defendants’ exceptions of no cause of action and dismissing the plaintiffs’ suit. The judgment of the district court is affirmed at the cost of plaintiffs-appellants.
AFFIRMED.

. LSA-C.C. Art. 2347 provides:
"The concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables, furniture or furnishings while located in the family home, all or substantially all of the assets of a community enterprise and movables issued or registered as provided by law in the names of the spouses jointly.”
LSA-C.C. Art. 2349 requires the concurrence of both spouses for the donation of community property. LSA-C.C. Art. 2353 provides that when the concurrence of the spouses is required by law, the alienation of community property by a spouse is a relative nullity.

. LSA-C.C. Art. 2342 provides:
"A declaration in an act of acquisition that things are acquired with separate funds as the separate property of a spouse may be controverted by the other spouse unless he concurred in the act. It may also be controverted by the forced heirs and the creditors of the spouses, despite the concurrence by the other spouse.
"Nevertheless, when there has been such a declaration, an alienation, encumbrance, or lease of the thing by onerous title may not be set aside on the ground of the falsity of the declaration.
"The provision of this article that prohibits setting aside an alienation, encumbrance, or lease on the ground of the falsity of the declaration of separate property is hereby made retroactive to any such alienation, encumbrance, or lease prior to the effective date of this article.
"A person who has a right to set aside such transactions on the ground of the falsity of the declaration, which right is not prescribed or otherwise extinguished or barred upon the effective date of this article, and who is adversely affected by the provisions of this article, shall have six months from the effective date of this article to initiate proceedings to set aside such transactions or otherwise be forever barred from exercising such right or cause of action. Nothing contained in this article shall be construed to limit or prescribe any action or proceeding which may arise between spouses under the provisions of this article."