625 So.2d 765 (1993)
Donna Wesley ALBERT
v.
Harry John ALBERT, Jr.
No. 93 CA 0190.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
*766 William Grimley, Baton Rouge, for plaintiff-appellee Donna Wesley Albert.
Arthur Boudreaux, III, Baton Rouge, for defendant-appellant Harry John Albert, Jr.
Before LOTTINGER, C.J., and FOIL and GONZALES, JJ.
LOTTINGER, Chief Judge.
Plaintiff, Donna Wesley Albert, filed a petition for partition of community property against her former husband, Harry J. Albert, Jr. Mrs. Albert seeks to have certain immovable property known as the University Park Apartments Complex classified as community property.

FACTS
In 1949, Harry Albert, Sr., father of the defendant, formed University Park Apartments, Inc. Subsequent to the incorporation, the University Park Apartments were sold to the corporation by Harry Albert, Sr. In 1982, through a donation inter vivos, Harry Albert, Jr. became the sole owner of the 1000 shares of stock in University Park Apartments, Inc.
The corporation sold the apartment complex to Mr. and Mrs. Frank Clark and Mr. and Mrs. Robert MacDonell on October 31, 1984. The sale price of $450,000 was represented by $60,000 in cash with the balance evidenced by a promissory note payable to University Park Apartments, Inc. Thereafter, the Clarks sold their interest in the complex to the MacDonells.
On December 19, 1984, Harry Albert and Donna Wesley Albert were married. Mrs. Albert owned no interest in the apartment complex or the corporation. The corporation was dissolved on September 18, 1985.
On May 1, 1987, in consideration for the cancellation of the $390,000 note, the MacDonells transferred their interest in the complex to Mr. Albert by a dation en paiement. Mrs. Albert's signature appears on the dation and a collateral mortgage issued contemporaneously with the dation. Both of these documents contain a statement of paraphernality.
The trial judge classified the apartment complex as community property.

ASSIGNMENTS OF ERROR
Mr. Albert appeals, raising the following assignments of error:[1]
1) The trial court erred in failing to find that the asset known as University Park Apartments is the separate property of Harry John Albert, Jr.
2) The trial court erred in failing to hold Donna Wesley Albert liable for community obligations which were not listed on the schedules submitted by Mrs. Albert under oath in her bankruptcy proceedings and which creditors were not notified and/or which were exempt or reaffirmed debts.
3) The trial court erred in rendering judgment not in accordance with its written reasons requiring certain agreements and listings of movables and liabilities, assets and credits made subject to the proceedings to be provided prior to rendering of judgment.

THE STATEMENT OF PARAPHERNALITY
Mrs. Albert contends that Mr. Albert has the burden of proving the separate nature of the property at issue.
La.Civ.Code art. 2340 provides:
Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed *767 to be community, but either spouse may prove that they are separate property.
Generally, the party asserting the separate nature of the property in question has the burden of overcoming the presumption of community established in La.Civ.Code art. 2340. Tullier v. Tullier, 464 So.2d 278, 283 (La.1985). La.Civ.Code art. 2342 allows a party to rebut the presumption of community and provides that:
A declaration in an act of acquisition that things are acquired with separate funds as the separate property of a spouse may be controverted by the other spouse unless he concurred in the act. It may also be controverted by the forced heirs and the creditors of the spouses, despite the concurrence by the other spouse.
Nevertheless, when there has been such a declaration, an alienation, encumbrance, or lease of the thing by onerous title may not be set aside on the ground of the falsity of the declaration.
The provision of this article that prohibits setting aside an alienation, encumbrance, or lease on the ground of the falsity of the declaration of separate property is hereby made retroactive to any such alienation, encumbrance, or lease prior to the effective date of this article.
A person who has a right to set aside such transactions on the ground of the falsity of the declaration, which right is not prescribed or otherwise extinguished or barred upon the effective date of this article, and who is adversely affected by the provisions of this article, shall have six months from the effective date of this article to initiate proceedings to set aside such transactions or otherwise be forever barred from exercising such right or cause of action. Nothing contained in this article shall be construed to limit or prescribe any action or proceeding which may arise between spouses under the provisions of this article.
Relying on the presumption of community established in La.Civ.Code art. 2340 and Ziegler v. Ziegler, 537 So.2d 1207 (La. App. 4th Cir.1989), Mrs. Albert contends that the burden of proving the separate nature of the complex falls on Mr. Albert. Although Mr. Albert did possess the complex during the marriage, Mrs. Albert's reliance on the presumption of community overlooks the significance of her acknowledgements.
Mrs. Albert acknowledged the separate nature of the complex in two authentic acts, the dation and the collateral mortgage. Mrs. Albert's signature rebuts the presumption of community and she is prevented from controverting the separate nature of the property. La.Civ.Code art. 2342.
Mrs. Albert's reliance on Ziegler is misplaced. In Ziegler, the court determined that under the presumption created in La. Civ.Code art. 2340, property acquired by the husband during the existence of the community was community property and the husband had the burden of proving otherwise. Ziegler, 537 So.2d at 1209. However, in Ziegler there was no declaration of paraphernality. Id.
In the present case, Mrs. Albert rebutted the presumption of community by acknowledging the separate character of the apartment complex. Under the doctrine of estoppel by deed established in La.Civ.Code art. 2342, her declarations prevent her from asserting that the property is community property. Levatino v. Levatino, 506 So.2d 858, 861 (La.App. 1st Cir.1987); Monk v. Monk, 243 La. 429, 144 So.2d 384 (1962). Furthermore, the declarations relieve Mr. Albert of the burden of proving the separate nature of the property.

PROOF OF ERROR
Mrs. Albert contends that because her signature was obtained in error she is not estopped from controverting the declarations.
Although a spouse concurs in an act, the jurisprudence recognizes that she is not estopped from asserting that the property is community property where she concurred due to error, fraud or duress. Levatino, 506 So.2d at 861; Rousseau v. Rousseau, 209 La. 428, 24 So.2d 676, 677 (1946). Accordingly, Mrs. Albert has the burden of proving that her signature is invalid.
In Levatino, the court established that a spouse who signs a document acknowledging *768 the separate nature of property has the burden of establishing an exception to the estoppel by deed rule by pleading facts and presenting evidence sufficient to demonstrate error, fraud or duress. Levatino, 506 So.2d at 862-63. In Levatino, the plaintiff was unable to present evidence of fraud because she failed to specifically allege fraud in her petition as required by La.Code Civ.P. art. 856.[2]Id. However, the court remanded the case because the plaintiff did allege sufficient facts to establish error. Id., at 863.
Mrs. Albert did not allege error, fraud or duress in the petition or in the amendment to the descriptive list identifying University Park Apartments as community property. At trial, Mrs. Albert merely stated that she was in error without submitting proof of such error.
Absent allegations of error in the petition or admissible evidence of error at trial, the exception to the estoppel by deed rule is not applicable. Mrs. Albert did not carry her burden of proof and thus, she may not assert the separate nature of the property.

DATE OF CORPORATE DISSOLUTION AND REAL SUBROGATION
The trial court agreed with Mrs. Albert's contention that the dissolution of the corporation occurred on June 10, 1987, two years after the dation. However, a close review of the documentary evidence from the Secretary of State's Office (Albert Exhibit 1 and Donna Albert Exhibit 5), reveals that the corporate dissolution occurred on September 18, 1985.
A certificate submitted by Mr. Albert and signed by Jim Brown, Secretary of State, on October 5, 1987, reflects that the corporation was dissolved on September 18, 1985. Mr. Albert also submitted a Certificate of the Liquidator signed by Jim Brown on June 10, 1987, which states that "on September 18, 1985, the date the dissolution became effective, has been filed in this Office in compliance with R.S.1950, 12:148, and recorded in Record of Charters Book 342, and the corporation stands dissolved."
Although Mrs. Albert submitted a certificate reflecting a dissolution date of June 10, 1987, this date merely reflects the filing date of the aforementioned Certificate of the Liquidator. The trial court was manifestly erroneous and clearly wrong in finding that the corporate dissolution occurred on June 10, 1987, rather than September 18, 1985.
The trial court also found that the classification of the property was affected by the transfer of the apartment complex to Mr. Albert individually rather than to the corporation. However, because the corporation no longer existed at the time of the dation it was necessary to place the apartment complex in Mr. Albert's name.
The classification of the property before and after the dation is governed by the following legal principles. La.Civ.Code art. 2341 identifies the separate property of a spouse as follows:
The separate property of a spouse is his exclusively. It comprises: property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; damages or other indemnity awarded to a spouse in connection with the management of his separate property; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.
Comment (c) to this article provides that the principle of real subrogation is applicable to both separate and community property.
*769 Thus, when a thing forming a part of the separate property of a spouse is converted into another thing, the mass of the separate property is not diminished. The new thing takes the place of the old: "Subrogatum capit naturam subrogati." Newson v. Adams, 3 La. 231, 233 (1882); Yiannopoulos, Civil Law Property § 79 (1966).
Mr. Albert became the sole shareholder of University Park Apartments, Inc. through a donation inter vivos. Under La.Civ.Code art. 2341 this property was his separate property because it was "acquired by a spouse prior to the establishment of a community property regime" and because it was "acquired by a spouse by inheritance or donation to him individually."
According to comment (c), when Mr. Albert sold the complex, the cash and the promissory note took the place of the apartment complex as his separate property. See Succession of Davis, 496 So.2d 549, 552 (La. App. 1st Cir.1986). The dissolution of the corporation and the subsequent transfer to Mr. Albert individually did not affect the separate nature of the property. The note held by Mr. Albert represented his separate property interest in the dissolved corporation. The subsequent cancellation of the note in exchange for the apartment complex was a real subrogation of his separate property interests.

CONCLUSION
Mrs. Albert has failed to establish that her signature on the dation or the collateral mortgage was obtained in error. Thus, she is estopped to deny the separate nature of the property at issue. Furthermore, the property remains the separate property of Mr. Albert through the principle of real subrogation. Therefore, we find that the trial court was manifestly in error and clearly wrong in classifying the apartment complex as community property.
For these reasons the judgment of the trial court is reversed. Costs of this appeal are to be borne by appellee, Donna Wesley Albert.
REVERSED AND RENDERED.
NOTES
[1] Although we will not address each assignment of error, the opinion bearing on the classification of the apartment complex will adequately address all issues raised.
[2] La.Code Civ.P. art. 856 provides:

In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.