IzLOTTINGER, Chief Judge.
Mrs. Donna Wesley Albert originally filed a petition to partition community property in 1989. Following a hearing the trial judge held that: 1) Mrs. Albert was discharged, through bankruptcy, from all community debts; 2) community movables were valued at $50,206.00; 3) Mr. Albert possessed $50,-086.00 and Mrs. Albert possessed $120.00[1] of the community movables; 4) a party receiving proceeds from the sale of any movable property was accountable to the community for the proceeds; and 5) the community was comprised of certain immovable property, University Park Apartments, which was to be sold at sheriffs sale. From that judgment, Mr. Albert appealed raising three issues.[2]
In considering the first appeal, we determined that the significant issue was whether the apartment complex was properly classified as community property. In an opinion dated October 15,1993, we reversed the trial court and concluded that the apartment complex was the separate property of Mr. Albert. Albert v. Albert, 625 So.2d 765, 769 (La.App. 1st Cir.1993). Although the body of our original opinion discussed only the classification issue and specifically reversed only that portion of the trial court judgment, the reversal appears to apply to the entire trial court opinion since our conclusion states, “For these reasons the judgment of the trial court is reversed.... REVERSED AND RENDERED.”
Approximately 27 months after our original opinion, Mrs. Albert filed a motion for money judgment seeking to be compensated for her share of the movable community property which was discussed in the trial court’s original opinion. In opposing the motion, Mr. Albert argued that our October 15, 1993, opinion was final and the trial court was divested of jurisdiction and without authority to entertain the motion. Additionally, he raised exceptions of res judicata and improper use of summary proceedings. The trial judge denied Mrs. Albert’s motion, stating in oral reasons that he did not have authority to question our decision which reversed, in its entirety, his original opinion. Mrs. Albert appeals.
ROn appeal, Mrs. Albert presents three arguments. First, the issue regarding the division of movable property is not res judi-cata because our original decision did not address that issue. Second, the assignments of error in the first appeal were narrowly tailored and did not divest the trial court of jurisdiction to decide a partition of movables. Third, even if the issue is res judicata, exceptional circumstances exist to allow Mrs. Albert to request partition of the movables.
Mr. Albert asserts that, because our October 15, 1993, judgment states or decrees “REVERSED AND RENDERED,” it was a substitution of the entire trial court judgment. He contends that this was a final judgment from which Mrs. Albert should have requested rehearing or a writ of certio-rari. Having failed to take these steps, our original opinion became a final definitive judgment which reversed the entire trial *631 court judgment. All issues are now res judi-Ca*a’
DISCUSSION
Mrs. Albert relied on the body of our original opinion which discussed only one issue — the classification of immovable property. After a three page discussion regarding the classification of the apartment complex, we specifically found that “the trial court was manifestly in error and clearly wrong in classifying the apartment complex as community property.” Albert, 625 So.2d at 769. In the final paragraph, which consists of only two sentences, we stated that “the judgment of the trial court is reversed.” Id. The opinion then concludes with, “REVERSED AND RENDERED.” Id. It is on this final paragraph and conclusion that Mr. Albert relies so heavily.
In so much as our original opinion discussed only the classification issue, it is obvious that the reversal was intended to affect only that portion of the trial court judgment dealing with the immovable property. Considering the entire opinion, we find that it would be inequitable to allow Mr. Albert to profit from a technical construction of the conclusion when the body of the opinion is so clear.
We find nothing expressly or impliedly stated in our original opinion which would deprive the trial court of any jurisdiction to complete the partition of the community of acquets and gains which existed between these parties.
LFurthermore, in light of our decision herein, we decline to award Mr. Albert damages for defending what he believed to be a frivolous motion and appeal.
CONCLUSION
For the foregoing reasons, the judgment of the trial court dismissing Mrs. Albert’s motion is reversed at Mr. Albert’s cost. This case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FOIL, J., dissents.
SHORTESS, J., concurs in result.

. Although some of the movable property had been sold by the time judgment was rendered, the trial judge listed the value of the property in the judgment.

. Mr. Albert’s three assignments of error are reproduced in Albert v. Albert, 625 So.2d 765 (La.App. 1st Cir.1993).