519 So.2d 338 (1988)
SUCCESSION OF C.V. NORWOOD, Plaintiff-Appellee,
v.
Margaret Cox Curtis NORWOOD, Defendant-Appellant.
No. 19255-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1988.
Writ Denied March 25, 1988.
Campbell, Campbell & Johnson by Cecil P. Campbell, Minden, for plaintiff-appellant, Margaret Cox Norwood.
Fish, Montgomery, Robinson & Smith by Roy M. Fish, Springhill, for defendants-appellees, Ann Norwood Fish, Betty Norwood Whitlow, and Succession of (Guy) C.V. Norwood.
Before HALL, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
Margaret Cox Curtis Norwood appeals a district court judgment decreeing that certain *339 movable and immovable property claimed by Mrs. Norwood belonged to the community estate existing between herself and her late husband, C.V. Norwood, thus allowing the plaintiffs, the children of C.V. Norwood, to receive a one-half interest therein. Finding no manifest error in the trial court's ruling, we affirm.

FACTS
Before her marriage to C.V. "Guy" Norwood in 1961, Margaret Cox Curtis Norwood was married to McAdoo Curtis who was killed in a plane crash on January 1, 1960. The net value of the community property in the Curtis estate, including decedent's half, was $26,610.33. Additionally, Mrs. Norwood received life insurance proceeds of approximately $73,000.[1]
In February of 1961, Margaret Cox Curtis Norwood married Guy Norwood, who had two minor children, the plaintiffs herein. He worked at International Paper Company until his retirement in 1975. At the time of the marriage, Mrs. Norwood maintained a bank account listed in her name. Additionally, Mr. and Mrs. Norwood opened a joint checking account into which Mr. Norwood's income was consistently deposited, usually by Mrs. Norwood. Mrs. Norwood kept the insurance money from the estate of her first husband in the bank account in her name. Over the years Mrs. Norwood deposited all of the income from her separate property into this account. During the marriage she acquired significant immovable property, mostly rental property, always acquiring the estates as her separate property with Mr. Norwood joining and acknowledging that she was purchasing the property with her separate funds.
This cause was tried on a rule against the defendant seeking to homologate an inventory of the succession attached thereto. Listed in the inventory was movable and immovable property acquired by Mrs. Norwood in her name during the marriage.[2] She answered denying that the property was community in nature and asserting that the property at issue had been purchased with her separate funds under her separate control and administration.
The district court in its judgment decreed that "all of the property, movable and immovable, including monies in bank accounts, which was acquired during the existence of the marriage" belonged to the community estate and thus plaintiffs owned a one-half interest therein.[3] Mrs. Norwood appeals to this court seeking reversal of the district court's judgment.
Defendant-appellant argues that the trial court was in error in holding that all the property acquired during the existence of the marriage was community property regardless of which spouse acquired it. Appellant argues that during the marriage she (Mrs. Norwood) acquired certain real property by acts of conveyance in which Mr. Norwood declared that the property was her separate and paraphernal property. She claims to have administered the property without the intervention of her husband as he declined to be involved in her property affairs. She argues that any community funds that she used in acquiring property were inconsequential when compared to the amount of the separate funds used from her account.
*340 Appellees argue that Mrs. Norwood admitted that any acquisitions made during the marriage were made with any funds that were available, and that although she claims she maintained a separate bank account, community funds were repeatedly placed into it. Appellees argue that Mrs. Norwood made no attempt to identify any property purchased exclusively with her separate funds and that she had a free hand with Mr. Norwood's earnings and continually commingled the funds. They assert that even if Mrs. Norwood chose to pay all the living expenses for Mr. Norwood, herself and her children out of his earnings and to save all rental interest and dividend income, these funds were still community as there was no declaration of interest declaring the property separate in accordance with LSA-C.C. Art. 2339. Finally, they argue there is no evidence that Mrs. Norwood ever sold an item from her first marriage or succession and used the proceeds to buy other property. Clearly, they conclude, she used income from every source including her husband's salary to pay debts and buy other property.
LSA-C.C. Art. 2341 defines separate property:
Art. 2341. Separate property
The separate property of a spouse is his exclusively. It comprises: property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; damages or other indemnity awarded to a spouse in connection with the management of his separate property; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community propety regime.
Additionally, LSA-C.C. Art. 2339 dealing with fruits and revenues as separate property reads as follows:
Art. 2339. Fruits and revenues of separate property
The natural and civil fruits of the separate property of a spouse, minerals produced from or attributable to a separate asset, and bonuses, delay rentals, royalties, and shut-in payments arising from mineral leases are community property. Nevertheless, a spouse may reserve them as his separate property by a declaration made in an authentic act or in an act under private signature duly acknowledged.
As to the fruits and revenues of immovables, the declaration is effective when filed for registry in the conveyance records of the parish in which the immovable property is located. As to fruits of movables, the declaration is effective when filed for registry in the conveyance records of the parish in which the declarant is domiciled.
Things in the possession of a spouse during the existence of the marriage are presumed to be community, but either spouse may prove that they are separate property. LSA-C.C. Art. 2340. The party alleging the separate character of property must prove that the property was acquired and paid for with separate funds by proof that is fixed, clear, positive and legally certain. Succession of Lyons, 452 So.2d 1161 (La.1984); Emerson v. Emerson, 322 So.2d 347 (La.App. 2d Cir.1975); Lenard v. Lenard, 386 So.2d 1043 (La.App. 4th Cir. 1980).
Mrs. Nowood argues that the property acquired during her marriage with Mr. Norwood was separate property as the acquisitions were made with the proceeds from her life insurance policy and other separate funds. Mrs. Norwood testified that in addition to the insurance proceeds and other separate funds deposited in her separate account, she deposited all income from her rental property, interest on the insurance proceeds, and any other funds *341 that she received, other than her husband's salary and farm income. She also testified that if any property was sold during the marriage, the proceeds from the sale were also placed in this account and that the funds to purchase any property obtained during the marriage were taken from that account.
Where separate and community funds are mixed or commingled indiscriminately so that separate funds cannot be identified or differentiated from community funds, all funds are characterized as community. Curtis v. Curtis, 403 So.2d 56 (La.1981). Clearly, the rent money, interest and lease income obtained during the marriage are fruits and revenues of separate property. These revenues are thus classified by LSA-C.C. Art. 2339[4] as community property, unless a declaration is made in an authentic act or in an act under private signature duly acknowledged which classifies the property as separate. No such declaration was made in this case. The simple fact that Mrs. Norwood maintained a separate account does not change the true nature of the funds deposited therein.
Moreover, Mrs. Norwood conceded that these community funds were used to purchase additional property during the marriage. Also, during her testimony she did not note any specific items that she contended had been purchased with entirely separate funds brought into the marriage.
Although the insurance proceeds may have initially been separate funds, the evidence demonstrates that substantial community funds were commingled with the separate funds such that it is impossible to trace the origin of the funds. Illustrative of this conclusion is the income tax return filed by Mr. and Mrs. Norwood in 1981. Mrs. Norwood was shown to have an interest income of $10,579, in addition to rent, royalty and oil lease income of $47,953, demonstrating the substantial amount of community funds deposited into her account.
Having concluded that the funds deposited into the separate account were community, it therefore follows that any property purchased with these community funds was community unless Mrs. Norwood can demonstrate otherwise. Although Mr. and Mrs. Norwood specifically declared in the acts of purchase of the various properties that Mrs. Norwood was purchasing them with her separate funds, the heirs are not bound thereby and may controvert such a declaration. LSA-C.C. Art. 2342.
In conclusion, we are of the view that the record does not demonstrate that the trial court was manifestly erroneous in determining that Mrs. Norwood failed to carry the heavy burden required to rebut the presumption that the funds in her "separate checking account" and the property acquired with funds therefrom during the marriage was part of the community estate. We therefore affirm the judgment below at appellant's cost.
AFFIRMED.
NOTES
[1] In November of 1963, she used $23,500.00 of these funds, in addition to loan proceeds, to purchase a farm in Arkansas which became hers under Arkansas law upon Mr. Norwood's death.
[2] These proceedings were initiated earlier by a rule filed by the plaintiffs against the defendant styled as a "Proceeding to Identify Property" alleging that the defendant's property (unspecified) claimed as separate should be declared as community. Subsequent to an exception based on the failure to itemize the property contested, petitioners filed the petition to homologate with the inventory attached thereto. The inventory was compiled by the plaintiffs' attorney who had been appointed by the court to conduct an inventory of the decedent's estate. However, in its reasons for judgment, the trial court refers to the matter as a "proceeding to identify property."
[3] In this judgment the trial court reserved the rights of the plaintiffs and the defendant "against any other, resulting from the expenditure of community funds on separate property or separate funds on community property...."
[4] See also Succession of Russo, 246 So.2d 26 (La.App. 4th Cir.1971), writ denied, 258 La. 760, 247 So.2d 861 (1971), interest accruing from the life insurance policy is community property; Whatley v. Whatley, 439 So.2d 444 (La.App. 2d Cir.1983), lease or royalty income is community property; and Peters v. Klein, 161 La. 664, 109 So. 349 (1926), rental income collected from separate property is community.