| iWILLIAMS, Judge.
In this action to partition community property, the plaintiff, James W. Tolar appeals the trial court’s judgment awarding $47,-219.95 to defendant, Emma Tolar, as her share of the community assets. For the following reasons, we affirm.
FACTS
In December 1976, the plaintiff, James Tolar, and the defendant, Emma Tolar, executed an antenuptial agreement, whereby each party identified assets that were owned prior to the marriage and which would remain that person’s separate property. On January 1, 1977, the parties were married. In October 1989, the defendant obtained a judgment of separation in Caddo Parish. Pursuant to this judgment, the defendant was awarded alimony pendente lite of $650 *1236 per month. However, the judgment of separation was later declared null and void by Caddo Parish District Court.
On July 17, 1989, the plaintiff filed a petition for divorce, terminating the community regime between the parties. In August 1993, the parties were divorced by judgment rendered in Jackson Parish. The trial court also found that the antenuptial agreement was valid. On appeal, this court found that the antenuptial agreement applied only to property owned by the parties prior to their marriage and did not establish a separate property regime. Tolar v. Tolar, 25,935 (La.App. 2d Cir. 6/22/94), 639 So.2d 399.
In March 1995, a hearing on the plaintiffs petition for partition of community property was held in Jackson Parish. The trial court found that the defendant was entitled to receive the amount of $47,219.95 as her share of the community assets remaining at the termination of the marriage. The plaintiff appealed this judgment.
DISCUSSION

Assignments of Error Nos. 1, 2, ⅛, & 7

The plaintiff argues the trial court erred in failing to find that the assets he owned prior to marriage, the income from his military pension and social security, the Putnam Fund and the $120,000 in cash remaining at the termination of the marriage are his separate property.
RThe separate property of a spouse includes property acquired prior to the establishment of a community regime; property acquired by a spouse with separate things or with a combination of separate and community things, which have an inconsequential value in comparison with that of the separate things; property acquired by inheritance or donation to a spouse individually; and things acquired by a spouse as the result of a voluntary partition of assets made during the existence of a community property regime. LSA-C.C. Art. 2341. The natural and civil fruits of the separate property of a spouse are community property. Nevertheless, a spouse may reserve them as separate property by a declaration made in an authentic act or in an act under private signature duly acknowledged. LSA-C.C. Art. 2339.
Things in the possession of a spouse during the existence of the marriage are presumed to be community, but either spouse may prove that they are separate property. Succession of Norwood v. Norwood, 519 So.2d 338 (La.App. 2d Cir.1988); LSA-C.C. Art. 2340. The party alleging the separate character of property must establish that the property was acquired and paid for with separate funds by proof that is fixed, clear, positive and legally certain. Succession of Norwood, supra; Salley v. Salley, 94-418 (La.App. 3rd Cir. 11/23/94), 647 So.2d 1164. Where separate and community funds are mixed or commingled indiscriminately so that separate funds cannot be identified or differentiated from community funds, all funds are characterized as community. Kyson v. Kyson, 596 So.2d 1308 (La.App.2d Cir.1991).
In the present case, the plaintiff retired from the military in 1960 and began receiving pension payments. Because the plaintiff earned his pension right before the existence of the community, his pension income is classified as separate income. See Hare v. Hodgins, 586 So.2d 118 (La.1991). The plaintiff testified that he placed his pension and social security income into a separate bank account, which he controlled. The plaintiff contends that these funds remained his separate property at the termination of the marriage and should not be considered community funds. However, the plaintiff acknowledged that in addition to his pension and retirement funds, he also deposited into lathe same account interest income from promissory notes and municipal bonds, and proceeds from timber and land sales. The interest and timber sale income obtained during the marriage are fruits and revenue of separate property and are thus classified as community property.
Although the plaintiffs pension and social security income may initially have been his separate property, the evidence in the record demonstrates that substantial community funds were commingled with these separate funds. During the marriage, the plaintiff received pension income of $149,267 and so- *1237 eial security payments of $16,198, for a total sum of $165,465. The plaintiffs accounting exhibit listed income of $187,395 in interest from promissory notes, and $42,744 in interest from municipal bonds bought during the marriage, for a total amount of $180,139. These sums indicate that a substantial amount of community funds were deposited with separate funds in the bank account. The record does not contain any bank or other financial statements documenting that plaintiffs military and social security retirement funds were segregated from those of the community. The simple fact that the plaintiff maintained a “separate” bank account does not change the true nature of the funds deposited therein. Here, separate and community, funds were commingled indiscriminately, such that the plaintiffs separate funds cannot be differentiated. Consequently, the trial court properly characterized the funds remaining in the bank account at the termination of the marriage as community property.
The plaintiff argues that the trial court erred in finding that the equal distribution of the Putnam Fund proceeds between the parties was a partial partition of community assets. The plaintiff testified that he attempted to calculate that portion of the money representing his separate income, which he used to establish the Putnam Fund. However, the plaintiff could not provide any documentation to support his assertion. The evidence shows that money from the commingled account, which contained community funds, was used to purchase the Putnam Fund. Consequently, we cannot say that the trial court was clearly wrong in finding that the equal division of the Putnam Fund proceeds was a partial partition of the community. The plaintiffs argument lacks merit.
14After reviewing the record, trial transcript and exhibits, we cannot conclude that the trial court was manifestly erroneous in determining that the plaintiff failed to carry the heavy burden required to rebut the presumption that the property remaining at the termination of the marriage was community property. Therefore, these assignments of error lack merit.

Assignment of error No. §

The plaintiff argues the trial court erred in failing to grant him a credit against the community for the amount of alimony pendente lite that he paid to the defendant. He contends that he is entitled to a credit because the previous judgment of separation was declared null and void. The record includes a Caddo Parish judgment declaring null and void a previous 1989 judgment of separation. However, the judgment does not rescind or refer to a prior order for alimony pendente lite. LSA-C.C. Art. Ill, (former Art. 148), provides that if a spouse has insufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse a sum for support. Here, a suit for divorce was pending and the plaintiff paid a sum to the defendant for support and then eventually stopped payments. Neither party challenged the award or amount of alimony in the trial court. Thus, they implicitly consented to the amount of alimony pendente lite that was paid. This assignment of error lacks merit.

Assignment of Error No. 5

The plaintiff argues the trial court erred in finding that the defendant was entitled to one-half of the proceeds from the sale of their home. The plaintiff contends that he “lost” money on the sale of the Toledo Bend house. However, the facts show that the house was purchased for the price of $15,500 and sold for $20,000. The plaintiff alleges that the cost of improvements made to the property were somehow not covered in the sale price. However, it is just as likely, if not more accurate, to conclude that the improvements resulted in the increased market value of the home. This argument is without merit.
|g Assignments of Error Nos. 6 & 8
The plaintiff argues the trial court erred in disregarding the community expenses in its partition of community assets. He asserts that his separate funds were used for these expenses. As stated previously, the party alleging the separate character of property must establish that the property was acquired and paid for with separate *1238 funds by proof that is fixed, clear, positive and legally certain. Succession of Norwood, supra. Where separate and community funds are mixed or commingled indiscriminately so that separate funds cannot be identified or differentiated from community funds, all funds are characterized as community. Kyson v. Kyson, supra.
Here, the plaintiff bears the burden of tracing his separate funds through the commingled accounts by clear evidence. Although the plaintiff introduced into evidence exhibits that list totals of separate property received, he did not provide documentation to differentiate his separate funds from the community income that was deposited into the same account. In fact, the plaintiff conceded at trial that he made no distinction as to the various types of income going into the bank account and that he did not keep separate books for the different sources of funds. Because separate and community funds were commingled indiscriminately, such that separate funds cannot be identified, all proceeds in the account managed by the plaintiff are characterized as community funds. Thus, contrary to the plaintiff’s assertion, community funds were used to pay expenses during the marriage, regardless of who wrote the check. The trial court correctly classified the funds remaining at the termination of the marriage as community assets. Consequently, this assignment of error lacks merit.
In his final assignment of error, the plaintiff challenges the trial court’s distribution of the community assets. The court is required to divide the community assets so that each spouse receives property of an equal net value. Hare v. Hodgins, supra. We have found that the trial court was not manifestly erroneous in determining that separate and community funds were commingled during the marriage, that the prior division of proceeds from the Putnam fund and house sale was a partial partition of community | (¡assets, and that the commingled cash remaining at the termination of the marriage was community property. After reviewing the record, we cannot say that the trial court was clearly wrong in finding that the defendant was entitled to a one-half share of the remaining community funds. Therefore, this assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court awarding the defendant the sum of $47,219.95 as her share of the community assets remaining upon termination of the marital regime. Costs of this appeal are assessed to the appellant, James W. Tolar.
AFFIRMED.