# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-960


**ESTATE OF HERBERT D. GOSS, JR., AKA CHARLES GOSS, ET AL.**

**VERSUS**

**ESTATE OF BETTE MARIE BEESON GOSS, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2015-1490
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**PHYLLIS M. KEATY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Phyllis M. Keaty, and John E. Conery, Judges.


**AFFIRMED.**

**Homer Ed Barousse, Jr.**
**H. Edward Barousse, III**
**Barousse & Craton, L.L.C.**
**Post Office Box 1305**
**Crowley, Louisiana  70527-0730**
**(337) 785-1000**
**Counsel for Plaintiff/Appellant:**
**Kenneth G. Goss**

**Kenneth O. Privat**
**Scott J. Privat**
**Privat & Privat**
**Post Office Box 449**
**Crowley, Louisiana  70527-0449**
**(337) 783-7142**
**Counsel for Plaintiff/Appellant:**
**Harry W. Goss**

**Allan L. Durand**
**Attorney at Law**
**235 Rue France**
**Lafayette, Louisiana  70508**
**(337) 237-8501**
**Counsel for Defendant/Appellee:**
**Estate of Bette Marie Beeson Goss**

**KEATY, Judge.**

Plaintiff, the Estate of Herbert D. Goss, Jr. (Herbert's Estate), appeals a judgment sustaining an exception of prescription filed by Defendant, the Estate of Bette Marie Beeson Goss (Bette's Estate), and dismissing the petition. We affirm.

## FACTS AND PROCEDURAL HISTORY

This appeal involves a piece of immovable property located at 509 Roselawn Boulevard, in Lafayette, Louisiana (the property). The facts in this matter are not in dispute. Pursuant to a Judgment of Possession dated May 2, 1978, Bette Marie Beeson Goss (Bette) acquired her father's undivided one-half interest in the property, subject to the usufruct of her mother who owned the remaining one-half interest in the property. In a Cash Sale dated May 8, 1978, Bette purchased her mother's interest in the property for $17,000. The sale document provided that Bette was purchasing her mother's one-half interest in the property as her separate property. Bette and her then husband, Herbert D. Goss, Jr., aka Charles Goss (Herbert), signed a Declaration of Paraphernality of Previously Acquired Realty (Declaration of Paraphernality) on June 21, 1978, which stated that they had "inadvertently" omitted from the act of sale a declaration that the property was acquired as Bette's separate property with separate funds that she inherited from her father, and that the property was to remain her separate property.

Herbert died in December 2011, and Bette died in July 2014. On March 27, 2015, Herbert's Estate instituted the present action as a Suit for Recognition of Community Interest in Real Estate[1] against Bette's Estate wherein it claimed that Bette had not inherited money from her father, and, thus, the property had been

---

[1] Herbert's Estate also filed a Notice of Lis Pendens on March 27, 2015, regarding the action filed by it that date concerning the property.

purchased with funds belonging to the community existing between Bette and Herbert. Herbert's Estate's suit alleged that the funds that Bette used to purchase the property were actually community, rather than separate, as evidenced by a mortgage that Bette and Herbert took out on June 28, 1978, that was secured by the property. As a result, Herbert's Estate sought a judgment declaring the property a community asset. Alternatively, if the court were to determine that the property was the separate property of Bette, Herbert's Estate sought an accounting to determine the amount of money spent on improving the property and any increase in value the property gained during the community so as it could be properly reimbursed those amounts.

The parties filed cross-motions for summary judgment which the trial court dismissed after a hearing by judgment dated June 2, 2015, which also set the matter for trial on the merits on September 15, 2015. Bette's Estate then filed a rule to show cause why the suit filed by Herbert's Estate should not be dismissed as prescribed citing La.Code Civ.P. art. 2342 and La.Civ.Code art. 3499. Herbert's Estate opposed the exception. Following a hearing on June 22, 2015, the trial court sustained the exception of prescription and dismissed the petition filed by Herbert's Estate "with respect to its claim that the house and property located at 509 Roselawn, Lafayette, Louisiana was a community asset of the community of Herbert and Bette Goss." Herbert's Estate timely appealed that judgment and is now before this court asserting that:

> The trial court committed reversible error in determining that the prescriptive period for the heirs of the estates of Herbert D. Goss, Jr. and Bette Marie Beeson Goss to contest the separate property classification of a one-half interest in the Roselawn Boulevard residence began to run on the date of the May 8, 1978 sale.

2

## DISCUSSION

"Although evidence may be introduced to support or controvert any objection of prescription pleaded, in the absence of evidence, an objection of prescription must be decided upon the facts alleged in the petition with all allegations accepted as true. La. C.C.P. art. 931." *Harney v. La. Citizens Prop. Ins. Co.*, 12-177, p. 7 (La.App. 5 Cir. 11/27/12), 106 So.3d 193, 198, *writs denied*, 13-258, 13-260 (La. 4/1/13), 110 So.3d 584.

> In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court's finding of fact was manifestly erroneous. Jurisprudence provides that statutes involving prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. On the issue of prescription, the mover bears the burden of proving prescription. However, if the petition is prescribed on its face, then the burden of proof shifts to the Plaintiff to negate the presumption by establishing a suspension or interruption.

*Taranto v. La. Citizens Prop. Ins. Corp.*, 10-105, p. 5 (La. 3/15/11), 62 So.3d 721, 726 (citations omitted). "In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court's finding of fact was manifestly erroneous. Although the factfinder is afforded deference, appellate courts have a duty to review the facts." *Herrera v. Gallegos*, 13-204, p. 5 (La.App. 5 Cir. 10/9/13), 128 So.3d 306, 308-09 (citations omitted).

"Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property." La.Civ.Code art. 2340. "The party alleging the separate character of property must prove that the property was acquired and paid for with separate funds by proof that is fixed, clear, positive and legally certain." *Succession of Norwood v. Norwood*, 519 So.2d 338, 340 (La.App. 2 Cir.), *writ denied*, 521 So.2d 1169 (La.1988). Louisiana Civil Code Article 2340

3

was enacted by 1979 La. Acts, No. 709, § 1, and became effective on January 1, 1980. "Article 2340 legislatively eliminated the double declaration rule" which had provided an unrebuttable presumption that immovable property conveyed to a husband during his marriage was community property "unless there is contained in the act of acquisition a double declaration that the property was acquired with funds belonging to the husband separately and that it was being acquired for his individual estate." *Tullier v. Tullier*, 464 So.2d 278, 281 (La. 1985). The *Tullier* court determined that La.Civ.Code art. 2340 applies retroactively. *Id.*

Louisiana Civil Code Article 2342,[2] titled "Declaration of acquisition of separate property," provides:

> A. A declaration in an act of acquisition that things are acquired with separate funds as the separate property of a spouse may be controverted by the other spouse unless he concurred in the act. It may also be controverted by the forced heirs and the creditors of the spouses, despite the concurrence by the other spouse.

> B. Nevertheless, when there has been such a declaration, an alienation, encumbrance, or lease of the thing by onerous title, during the community regime or thereafter, may not be set aside on the ground of the falsity of the declaration.

> C. (1) The provision of this Article that prohibits setting aside an alienation, encumbrance, or lease on the ground of the falsity of the declaration of separate property is hereby made retroactive to any such alienation, encumbrance, or lease prior to July 21, 1982.

> (2) A person who has a right to set aside such transactions on the ground of the falsity of the declaration, which right is not prescribed or otherwise extinguished or barred upon July 21, 1982, and who is adversely affected by the provisions of this Article, shall have six months from July 21, 1982 to initiate proceedings to set aside such transactions or otherwise be forever barred from exercising such right or cause of action. Nothing contained in this Article shall be construed to limit or prescribe any action or proceeding which may arise between spouses under the provisions of this Article.

---

[2] Louisiana Civil Code Article 2342 was also enacted by 1979 La. Acts No. 709, § 1 and became effective on January 1, 1980.

Because Bette and Herbert did not enter into a separate property regime either before or during their marriage, the property at issue herein was presumed to belong to the community as Bette acquired it during their marriage. Both Bette and Herbert were deceased when Herbert's Estate sought to have the property recognized as having belonged to the community. Thus, Bette's Estate bore the initial burden of proving that the relief sought by Herbert's Estate was barred by prescription.

Herbert was not a party to the May 8, 1978 Cash Sale wherein Bette purchased her mother's interest in the property. The sale document provided that Bette was purchasing the property "as her separate and paraphernal property . . . with her separate and paraphernal funds, derived from inheritance from her father, and kept by her under her separate administration and control." The sale document further provided that Bette had been previously married and that she was presently married to "Charles Goss." The Declaration of Paraphernality which Bette and Herbert signed on June 21, 1978, provided that:

> In said act of sale purchaser and her husband inadvertently omitted to include a declaration that the said property was acquired as the separate property of the said Bette Marie Beeson Goss.

> The said Bette Marie Beeson Goss and her husband, Herbert D. (Charles) Goss do now declare that the said purchase was made by Bette Marie Beeson Goss with her separate and paraphernal funds, kept by her under separate administration and control, derived by her from inheritance from her father, and that accordingly, the aforesaid property is and shall remain the separate and paraphernal property of the said Bette Marie Beeson Goss under her separate administration and control.

Bette's Estate contends that because the Cash Sale by which Bette acquired her mother's remaining one-half interest in the property which was her parents' former home contained a declaration of paraphernality, and because Herbert

concurred in that assertion of the separate nature of the property, albeit in a separate Declaration of Paraphernality executed over a month after the Cash Sale, Herbert's Estate has no right to contest the Declaration of Paraphernality. Bette's Estate did not file an exception of no right of action in response to the instant suit by Herbert's Estate in either the trial court or this court, nor did it raise the issue at the hearing on its exception of prescription. In addition, although an appellate court may notice an exception of no right of action on its own motion, we decline to do so. *See TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3 of Parish of Lafourche*, 10-685 (La.App. 1 Cir. 12/8/10), 52 So.3d 1103; La.Code Civ.P. art. 927(B). Accordingly, for the purposes of this appeal, we assume that Herbert's Estate has the right to bring this suit, and we will focus on whether the trial court should have sustained Bette's Estate's exception of prescription.

Relying upon *Levatino v. Levatino*, 506 So.2d 858 (La.App. 1 Cir.1987),[3] Bette's Estate asserts that even if Herbert's Estate had the right to contest the Declaration of Paraphernality that Herbert executed with regard to the property, such right is a personal action subject to the ten-year prescriptive period found in La.Civ.Code art. 3499. Bette's Estate contends that prescription began to run in 1978 when the Cash Sale occurred and when Bette and Herbert signed the Declaration of Paraphernality. Accordingly, it contends that the trial court

---

[3] In *Levatino*, a husband and wife purchased immovable property with community funds in July 1980. They later signed a declaration of paraphernality in November of that year stating that the property was purchased as the husband's separate property with his separate funds and that the wife acknowledged as much. When the couple separated four years later, the wife sought a declaratory judgment that the property was community because she was induced to sign the declaration of paraphernality due to error and/or fraud. The trial court sustained the husband's exception of prescription, and the wife appealed. Based upon its finding that "the six month prescriptive period of La.C.C. art. 2342 does not apply to actions to controvert declarations of separate property," the first circuit applied the ten-year prescriptive period found in La.Civ.Code art. 3499 to the wife's action. *Id.* at 863.

properly granted its exception of prescription since Herbert's Estate's right to challenge the separate nature of the property prescribed in 1988, long before the petition was filed in this matter.

Herbert's Estate claims that because the ten-year period did not begin to run until Bette and Herbert's marital community terminated when Herbert died on December 25, 2011, the instant suit is not prescribed as it was filed on March 27, 2015. Herbert's Estate distinguishes *Levatino* from the instant matter because that decision involved the time within which a surviving spouse, rather than an heir, may assert a personal action to change the classification of a piece of immovable property.

Bette's Estate argued, and the trial court seemingly agreed, that it would be an absurd consequence to allow Herbert's heirs a longer period of time to contest the Declaration of Paraphernality than that which he would have been allowed had he sought to challenge it himself. At the hearing on the exception of prescription, the trial court expressed its belief that in the context of immovable property, "the reason for the prescriptive rule is to promote the stability of land titles." Further, the trial court reiterated that once a right prescribes, it cannot be revived. We agree with that reasoning. Pursuant to La.Civ.Code art. 2342(A), Herbert could not controvert the Declaration of Paraphernality because he was a party to it. Nevertheless, had he not been so prohibited, his right to contest the classification of the property would have been by personal action that, under La.Civ.Code art. 3499, would have prescribed ten years after the Cash Sale and the signing of the Declaration of Paraphernality in 1978. Any right that Herbert's heirs might have had to challenge the nature of the property could not be revived once prescribed.

7

Therefore, the trial court did not err in sustaining the exception of prescription filed by Bette's Estate and dismissing Herbert's Estate Suit for Recognition of Community Interest in Real Estate.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription filed by the Estate of Bette Marie Beeson Goss, dismissing the petition filed by the Estate of Herbert D. Goss, Jr., is affirmed. Costs of this appeal are assessed against the Estate of Herbert D. Goss, Jr.

**AFFIRMED.**