984 So.2d 7 (2007)
The SUCCESSION OF William Edward FAGET
Pier Marie Faget Jenkins, as the Independent Administratrix of the Succession of William Edward Faget
v.
Audrey Menard Faget.
Nos. 2006 CA 2159, 2006 CA 2160.
Court of Appeal of Louisiana, First Circuit.
September 19, 2007.
Rehearing Denied May 12, 2008.
Pierre V. Miller, II, New Orleans, Albert J. Derbes, III, Julia C. Spear, Metairie, Counsel for Plaintiffs/Appellants Pier Faget Jenkins, individually and as Independent Administratrix of the Succession of William E. Faget, Sr., Vivian Adelaide Faget and William Edward Faget, Jr.
Harry P. Pastuszek, Jr., David S. Pittman, Mandeville, Counsel for Defendant/Appellee *8 Audrey Menard Colomb Faget.
Edwin A. Stoutz, Jr., New Orleans, Counsel for Defendant/Appellee Kerri Louise Colomb.
Before: GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Appellants, Pier Faget Jenkins, individually and as Independent Administratrix of the Succession of William E. Faget, Sr., Vivian Adelaide Faget, and William E. Faget, Jr. (the Faget children), appeal the judgment of the trial court, which granted the motion for partial summary judgment filed by Audrey Menard Faget and denied the Faget children's motion for summary judgment, and which declared Audrey Faget a one-half owner in indivision of the family home and its contents. Finding that we lack jurisdiction, we dismiss the appeal.

FACTS AND PROCEDURAL HISTORY
Dr. William E. Faget married Audrey Faget on December 22, 1977. Audrey Faget was Dr. Faget's second wife. Prior to their marriage, they entered into a matrimonial agreement on December 15, 1977, in which they agreed to remain separate in property. Dr. Faget remained married to and continued to reside with Audrey Faget until his death on May 12, 2003.
In late November 1992, Dr. Faget suffered a stroke, was taken to St. Tammany Parish Hospital, and admitted into the intensive care unit. While in the hospital, Dr. Faget signed a power of attorney to Audrey Faget and a living will on November 30, 1992. Also, on November 30, 1992, Dr. Faget and Audrey Faget executed a document entitled "Residence Agreement," by authentic act, regarding the family home and its furnishings. At the time the residence agreement was executed, said home was the separate immovable property of Dr. Faget. The residence agreement was not filed into the public records until September 5, 2003, after Dr. Faget's death.
Dr. Faget was survived by three adult children from his first marriage.[1] On July 8, 2003, the Faget children filed a petition to open the succession of their father and for the appointment of Pier Faget Jenkins as independent administratrix. Thereafter, on January 13, 2005, Pier Marie Faget Jenkins, as the independent administratrix of the Succession of William E. Faget, filed a petition for revendicatory action against Audrey Menard Faget, seeking to be declared owner of the property in question and seeking an order compelling Audrey Faget to account for and deliver said property. On April 22, 2005, the revendicatory action was transferred to and consolidated with the succession proceeding.
On October 21, 2005, Audrey Faget filed a motion for partial summary judgment in the consolidated proceedings seeking to enforce the provisions of the residence agreement and seeking a judgment declaring that she owned one-half of the family residence and one-half of its furnishings. Thereafter, the Faget children filed a cross-motion for summary judgment attacking the validity of the residence agreement. On April 5, 2006, the trial court heard oral arguments on the cross-motions for summary judgment. The trial court issued reasons for judgment on April 25, 2006, and signed a judgment in the succession proceeding, on May 9, 2006, granting the motion for partial summary judgment *9 filed by Audrey Faget and denying the Faget children's motion for summary judgment. The court further declared Audrey Faget the owner in indivision of one-half of the immovable property and one-half of all furnishings therein since November 30, 1992. Additionally, the trial court declared Audrey Faget to be the usufructuary for life over the remaining one-half of the immovable property and its furnishings, since May 12, 2003, with the Faget children being the naked owners of the remaining one-half subject to the usufruct of Audrey Faget. It is from this judgment that the Faget children have appealed.

DISCUSSION
The initial issue that we must address in this appeal is whether the trial court's judgment of May 9, 2006 is a final appealable judgment. Appellate courts have the duty to examine their subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indem. Corp., 02-1351, p. 5 (La.App. 1 Cir. 10/22/03), 867 So.2d 723, 725-26.
Under Louisiana law, a final judgment is one that determines the merits of a controversy, in whole or in part. In contrast, an interlocutory judgment does not determine the merits, but only preliminary matters in the course of an action. LSA-C.C.P. art. 1841. An interlocutory judgment is appealable only when expressly provided by law. LSA-C.C.P. art. 2083 C.
In this matter, the judgment was filed in the succession proceeding only and does not bear the consolidated caption.[2] Further, although the trial court determined that Audrey Faget was an owner in indivision of the family home and its contents since November 30, 1992, as set forth in the residence agreement, the succession record contains no judgment of possession, nor does it appear from the record that all issues between the parties have been resolved in the succession proceeding.
We also note that although the succession proceeding was consolidated with the revendicatory action, procedural rights peculiar to one case are not rendered applicable to a companion case by the mere fact of consolidation; each case must stand on its own merits. ANR Pipeline Co. v. Louisiana Tax Com'n, 01-2594, p. 6 (La.App. 1 Cir. 3/20/02), 815 So.2d 178, 183, affirmed and remanded, 02-1479 (La.7/02/03), 851 So.2d 1145. Thus, the consolidation of the cases did not result in a "merger" of the cases, and each retains its separate procedural status and attributes. See F. Maraist and H. Lemmon, Louisiana Civil Law Treatise, Volume 1, Civil Procedure, § 10.8 (1999). The record before us does not indicate that any judgment has been rendered in the revindicatory action.[3] Accordingly, we find that the judgment rendered in the succession proceeding is a partial judgment.
Having determined that the trial court's judgment is partial, we must now determine whether it is appealable by examining the requirements of Code of Civil Procedure article 1915.[4] The partial summary *10 judgment recognized Audrey Faget as the owner in indivision of one-half of the family home and one-half of its furnishings. Therefore, as an "issue" summary judgment under LSA-C.C.P. art. 966 E, it does not meet the criterion of LSA-C.C.P. art. 1915 A(3).[5] Nevertheless, a partial summary judgment rendered pursuant to LSA-C.C.P. art. 966 E may be immediately appealed during an ongoing litigation, but only if it has been properly designated as final by the trial court pursuant to LSA-C.C.P. art. 1915 B. See Templet v. State ex rel. Dept. of Public Safety and Corrections, 05-1903, p. 6 (La.App. 1 Cir. 11/3/06), 951 So.2d 182, 185. In this matter, however, the trial court did not designate the judgment as final for purposes of immediate appeal, nor did it make a determination that there was no just reason for delay. Consequently, the judgment before us is not appealable.

CONCLUSION
For the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction. Costs of this appeal are assessed to the appellants.
APPEAL DISMISSED.
NOTES
[1] While there is some discussion in the record that Dr. Faget had another child, that discussion is not pertinent to the matter currently before us.
[2] As the judgment was captioned and filed in the succession proceeding only, the motion and order for appeal were filed and granted in the succession proceeding.
[3] Therefore, we need not address the issue of whether an appeal from a grant of summary judgment in the revendicatory action would be final and appealable.
[4] Louisiana Code of Civil Procedure Article 1915 provides:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.
[5] Louisiana Code of Civil Procedure article 966 E provides that "[a] summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case." The type of partial summary judgment rendered under article 966 E, which article 1915 A(3) excludes, is that which does not dismiss a party from the action, or one determinative of less than all issues on the merits between the opposing parties. Such a partial summary judgment has been termed an "issue" summary judgment. Motorola, Inc., 02-1351 at p. 6, 867 So.2d at 726.