CRAIN, J. 12AppeIlants in this succession proceeding appeal a judgment declaring, in part, that an annuity be included in the calculation of the active mass of the decedent’s estate, and that the decedent’s widow is entitled to a marital portion consisting of a usufruct over one-fifth (1/5) of the net estate. Recognizing our lack of appellate jurisdiction, we dismiss the appeal. FACTS AND PROCEDURAL HISTORY .This succession was .opened for the estate of Gerónimo Ji Jaga, formerly known as Elmer G. Pratt, who died on June 3, 2011. Jaga is survived by his widow, Joju-younghi Cleaver; one child from his marriage to Cleaver, Kayode Ji Jaga; two children from a prior marriage, Hiroji Pratt and Shona Pratt; and, allegedly, two children born out of wedlock, Nikki Michaux and Tkumsah Gerónimo Ji Jaga. According to the designated record on appeal, the initial judgment of possession was annulled pursuant to a motion filed by Cleaver, the current administratrix. Cleaver also filed a petition and-several other motions in the proceeding, in which she sought to traverse the previously filed detailed descriptive list, submit a revised detailed descriptive list, and require that Nikki and Tkumsah prove paternity. Cleaver also asked to be put in possession of her alleged community property and alleged she should be awarded a marital portion based upon necessitous circumstances. Tkumsah also filed a petition to assert his rights as an alleged forced heir. Some of these matters were resolved by the parties, and a trial was held to address whether Nikki established she is the decedent’s daughter, whether an annuity should be included in the active mass of the decedent’s estate, and whether Cleaver is entitled to a marital portion. The parties offered testimony from two | ¡¡witnesses, Cleaver and Nikki, and introduced exhibits. After taking the matter under advisement, the trial court signed a judgment on December 7, 2015, finding (1) Tkumsah and Nikki are children of the decedent, (2) all of the decedent’s property and funds are separate property, (3) the annuity shall be included in the active mass calculation, and (4) Cleaver is entitled to a marital portion of one-fifth (1/5) of the decedent’s estate. In response to a motion for new trial, the judgment was amended on February 8, 2016, to more specifically identify the annuity, to define Cleaver’s marital portion as a usufruct for life of one-fifth (1/5) of the decedent’s net estate, and to require Cleaver to post a bond. Shona, Hiroji, and Nikki appeal. DISCUSSION This court’s appellate jurisdiction extends to final judgments that determine the merits in whole or in part. See La. Code Civ. Pro. arts. 1841 and 2083. Appellate courts have a duty to examine their subject matter jurisdiction sua sponte, even if the litigants do not raise the issue. Succession of Matthews, 16-0289 (La. App. 1 Cir. 1/5/17), 212 So.3d 547, 551, writs denied, 17-0230 (La. 3/31/17), 217 So.3d 361. Subject to certain exceptions, appeals from orders or judgments rendered in succession proceedings are governed by the same rules applicable to appeals in ordinary proceedings. See La. Code Civ. Pro. art. 2974. The Code of Civil Procedure grants the right to an immediate appeal of certain judgments rendered in succession proceedings; however, the present judgment is not among those identified by the Code. See La. Code Civ. Pro. art. 3308 (judgment homologating tableau of distribution may be suspensively appealed), La. Code Civ. Pro. art. 3337 (judgment homologating final account is a “final judgment”), La. Code Civ. Pro. arts. 2122 and 2974 (governing appeals of orders appointing or removing ^succession representative); see also In re Succession of LeBouef 13-0209 (La. App. 1 Cir. 9/9/14), 153 So.3d 527, 533; Succession of McLean, 26,566 (La. App. 2 Cir. 3/1/95), 651 So.2d 920, 926. The judgment on appeal determines only certain issues in the succession, namely, Tkumsah and Nikki are children of the decedent, the estate consists entirely of separate property, an annuity should be included in the decedent’s active mass, and Cleaver is entitled to a marital portion and the fractional amount thereof. The resolution of those issues, however, does not conclude the succession. The heirs have not been placed in possession of them respective portions of the estate nor has a judgment been rendered homologating a final account by the current administratrix. See La. Code Civ. Pro. art. 3337. To the contrary, the judgment before the court is limited to assorted issues that arose during the course of the succession, none of which are conclusive of the proceeding. Consequently, the judgment is a partial judgment that may be appealed only if authorized by Louisiana Code of Civil Procedure article 1915. See In re Succession of Morgan, 15-0335, 2016 WL 770192, at *2 (La. App. 1 Cir. 2/24/16) (judgment, which declared ownership of disputed estate property but was not a judgment of possession and did not dismiss a party, was a partial judgment subject to appeal only as provided by Article 1915); In re Succession of Faget, 06-2159 (La. App. 1 Cir. 9/19/07), 984 So.2d 7, 10 (judgment declaring surviving spouse to be co-owner of family home was partial judgment subject to appeal only under Article 1915). |sThe judgment does not fall within any of the categories of partial judgments subject to immediate appeal under Article 1915 A.[1] The appeal of the judgment is thus governed by Article 1915B, which provides that a partial judgment “shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.” The trial court did not designate the judgment as final for purposes of immediate appeal nor did it make a determination that there was no just reason for delay. Therefore, the judgment is not a final judgment for purposes of immediate appeal. See La. Code Civ. Pro. art. 1915B(2). Consequently, this court lacks appellate jurisdiction to consider the present appeal.[2] CONCLUSION This appeal is dismissed for lack of subject matter jurisdiction. The matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Hiroji Pratt, Shona Pratt, and Nikki Michaux. APPEAL DISMISSED. . Partial judgments immediately appealable under Article 1915A include (1) a judgment dismissing the suit as to less than all of the parties; (2) a judgment granting a motion for judgment on the pleadings; (3) a judgment granting a motion for summary judgment, except a summary judgment granted pursuant to Article 966(E); (4) a judgment on either the principal or incidental demand, when the two have been tried separately; (5) a judgment on the issue of liability when that issue has been tried separately, and (6) a judgment imposing sanctions or disciplinary action pursuant to Louisiana Code of Civil Procedure article 191, 863, or 864, or Code of Evidence Article 510G, . Although this court has discretion to convert an appeal to an application for supervisory writs, it may only do so if the appeal would have been timely had it been filed as a supervisory writ application. Bosley v. Louisiana Department of Public Safety and Corrections, 16-1112, 2017 WL 1423925, at *4 n.5 (La. App. 1 Cir. 4/20/17); Lake Villas No. II Homeowners’ Association, Inc. v. LaMartina, 15-0244, 2015 WL 9435193, at *3 (La. App. 1 Cir. 12/23/15), writ denied, 16-0149 (La. 3/14/16), 189 So.3d 1070. A party intending to apply to this court for a supervisory writ shall give notice of such intention by requesting a return date to be set by the trial court, which shall not exceed thirty days from the date of the notice of judgment. See Uniform Rules— Courts of Appeal, Rules 4-2 and 4-3. In this case, notice of the February 8, 2016 Amended Judgment was forwarded to the parties on February 18, 2016, and the motion for appeal was filed on April 18, 2016. Because the appeal was not filed within thirty days of the notice of judgment, the motion for appeal cannot be considered a timely filed application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3. Accordingly, we decline to convert the appeal to an application for supervisory writs.