STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1139

IN THE MATTER OF
THE SUCCESSION OF ESTELLE BYRD SMITH

Judgment Rendered:  **JUN 0 2 2021**

* * * * *

CHH

EW b~ CHH

On appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. 101116

The Honorable Timothy E. Kelley, Judge Presiding

* * * * *

Erik E. Kjeldsen
Baton Rouge, Louisiana

Attorney for Appellant,
Darrell Ray Smith

Thomas M. Lockwood
Baton Rouge, Louisiana

Attorney for Appellee,
Donna Smith Benefield

* * * * *

BEFORE:  THERIOT, WOLFE, AND HESTER, JJ.

Theriot, J. Dissents - would have converted to
writ and ruled on merits

**WOLFE, J.**

In this succession proceeding, the independent executor appeals the trial court's judgment ordering him to supplement and amend the final accounting and descriptive list and return certain assets or their value to the succession. The independent co-executor representing the succession of the deceased's husband has answered the appeal, challenging the trial court's ruling that certain other property does not constitute property of the succession. Recognizing that we lack appellate jurisdiction, we dismiss the appeal and the answer to the appeal.

## FACTS AND PROCEDURAL HISTORY

Estelle Byrd Smith died testate in 2016, survived by her husband, Ray L. Smith, and their three adult children, Darrell Ray Smith, Deborah Ann Smith, and Donna Smith Benefield. Darrell filed a petition to probate Estelle's notarial testament and, pursuant thereto, was appointed independent executor of her succession. After Ray died in 2018, Donna and Deborah were appointed co-executors of his succession, then were substituted for Ray in this proceeding.

In 2019, Darrell filed an account of his mother's property, which noted that his mother gifted him a mobile home valued at $30,362.00, and therefore the mobile home should not be included in the estate. Donna and Deborah, acting as co-executors of Ray's succession, opposed Darrell's proposed final accounting. They alleged the account was erroneous and incomplete in that it did not include a cash box containing cash, guns belonging to the deceased and her husband, and the deceased's jewelry collection. They further contested Darrell's representation that the mobile home was donated to him and was not an asset belonging to the succession.

The trial court held an evidentiary hearing on the issues raised in the opposition to the account, which was conducted over the course of three days. Based on the testimony of the witnesses, the trial court determined that the mobile home

2

was donated to Darrell and did not constitute property of Estelle's succession. However, the trial court found merit in the argument regarding the cash box and jewelry. The trial court signed a judgment on September 14, 2020 that ordered Darrell to supplement the final account to include, as an asset of the succession, the cash box and the cash it contained, and further ordered Darrell "to either restore unto the deceased's succession any and all of the cash contained in the cash box at the time of the deceased's death, or to pay back into the deceased's succession the amount of that cash. The judgment also ordered Darrell to supplement the final account to include "all of the jewelry belonging to the deceased's succession" and "to either restore unto the deceased's succession any and all of the jewelry owned by the deceased at the time of her death or to pay back into the deceased's succession the value of same."

Darrell then filed a supplemental account that described additional property belonging to Estelle's estate, including two watches valued at $0.00, miscellaneous coins valued at $186.50, and several guns. Darrell simultaneously filed a motion for appeal of the trial court's September 14, 2020 judgment, which the trial court granted and forms the basis for this appeal. On appeal, Darrell challenges the trial court's rulings relative to the cash box and jewelry, as well as an evidentiary ruling made by the trial court. Donna, as representative of her father's succession, answered the appeal, challenging the trial court's ruling regarding the mobile home.

## DISCUSSION

Appellate courts have a duty to examine their subject matter jurisdiction *sua sponte*, even if the litigants do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.,** 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). Appeals from orders or judgments rendered in succession proceedings are governed by the rules applicable to appeals in ordinary proceedings, except that an order or judgment confirming, appointing, or removing

3

a succession representative, or granting an interim allowance under Article 3321 shall be executed provisionally, notwithstanding appeal. La. Code Civ. P. art. 2974.

This court's appellate jurisdiction extends to final judgments and to interlocutory judgments when expressly provided by law. See La. Code Civ. P. art. 2083; **Malus v. Adair Asset Management, LLC,** 2016-0610 (La. App. 1st Cir. 12/22/16), 209 So.3d 1055, 1059. The judgment on appeal determines only certain issues in the succession, namely whether certain items of property are property of the estate and must be included in the accounting of estate property. The heirs have not been placed in possession of their respective portions of the estates, nor has a judgment been rendered homologating a final account by the executor. See La. Code Civ. P. art. 3337. Since it is not conclusive of the succession proceeding, the judgment does not constitute a final judgment. See La. Code Civ. P. art. 1841.

The Code of Civil Procedure grants the right to an immediate appeal of certain judgments rendered in succession proceedings; however, the present judgment is not among those identified by the Code. See La. Code Civ. P. art. 3308 (judgment homologating tableau of distribution may be suspensively appealed); La. Code Civ. P. art. 3337 (judgment homologating final account is a "final judgment"); La. Code Civ. P. arts. 2122 and 2974 (governing appeals of orders appointing or removing a succession representative); **Succession of Jaga,** 2016-1291 (La. App. 1st Cir. 9/15/17), 227 So.3d 325, 327-28. Thus, the judgment is appealable only as provided by La. Code Civ. P. art. 1915. See **Succession of Jaga,** 227 So.3d at 328; **In re Succession of Faget,** 2006-2159 (La. App. 1st Cir. 9/19/07), 984 So.2d 7, 9-10.

4

The September 14, 2020 judgment does not fall within any of the categories of partial judgments subject to immediate appeal under Article 1915A.[1] Therefore, the appeal of the judgment is governed by Subsection B of that article, which provides that a partial judgment "shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." La. Code Civ. P. art. 1915B(1). The trial court did not designate the judgment as final for purposes of immediate appeal or make a determination that there was no just reason for delay. Therefore, the judgment is not subject to immediate appeal. See La. Code Civ. P. art. 1915B(2). Consequently, this court lacks appellate jurisdiction. See La. Code Civ. P. arts. 1841, 1911, and 2083.

Although we have the discretionary authority to convert an appeal to an application for supervisory writ and rule on the writ application, we decline to do so in this case where a ruling would not terminate the litigation and where the parties have an adequate remedy by review on appeal after rendition of a final judgment. See **Stelluto v. Stelluto,** 2005-0074, (La. 6/29/05), 914 So.2d 34, 39; **Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (*per curiam*); see also **Constantin Land Trust v. BP America Production Co.,** 2015-1315 (La. App. 1st Cir. 6/3/16), 2016 WL 3128329, *1.

---

[1] Partial judgments immediately appealable under Article 1915A include (1) a judgment dismissing the suit as to less than all of the parties; (2) a judgment granting a motion for judgment on the pleadings; (3) a judgment granting a motion for summary judgment, except a summary judgment granted pursuant to La. Code Civ. P. art. 966E; (4) a judgment on either the principal or incidental demand, when the two have been tried separately; (5) a judgment on the issue of liability when that issue has been tried separately; and (6) a judgment imposing sanctions or disciplinary action pursuant to La. Code Civ. P. art. 191, 863, or 864, or La. Code Ev. art. 510G.

## CONCLUSION

For the reasons set forth herein, we dismiss the appeal of the September 14, 2020 judgment and the appellee's answer to the appeal. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed equally between Darrell Ray Smith and Donna Smith Benefield.

**APPEAL AND ANSWER TO APPEAL DISMISSED.**