STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT


2021 CA 1293

TOMMY DEAN LEA

VERSUS

TOMI SUE TYNES LEA

Judgment rendered: __APR 2 8 2022__

* * * * *

On Appeal from the
Twentieth Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
No. 46,466

The Honorable Kathryn E. Jones, Judge Presiding

* * * * *

Heidi M. Vessel
Zachary, Louisiana

Attorney for Plaintiff/Appellant
Tomi Sue Tynes Lea

Cy J. D'Aquila
Heather Crabtree
New Roads, Louisiana

Attorneys for Defendant/Appellee
Tommy Dean Lea


* * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**HOLDRIDGE, J.**

The appellant, Tomi Sue Tynes Lea, appeals the trial court's July 12, 2021 judgment denying her peremptory exception raising the objections of nonjoinder of a party, prescription, no cause of action, and no right of action. For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On December 18, 2020, the appellee, Tommy Dean Lea, filed the underlying "Petition for Damages" against his former spouse, the appellant, urging that she owed him $30,357.13 for overpayments of a child support obligation. The appellee alleged that the overpayments he made to appellant should be "considered payment of things not owed." In response, the appellant filed "Peremptory Exceptions of Nonjoinder of a Party, Prescription, No Cause of Action and No Right of Action."

Following a hearing on June 7, 2021, the trial court orally denied the appellants exceptions in open court. On July 12, 2021, the trial court signed a judgment memorializing its open court ruling as follows:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the Peremptory Exceptions of Non Joinder of a Party, Prescription, No Cause of Action and No Right of Action filed by Defendant, Tomi Sue Tynes Lea are denied.

Notice of the judgment was issued on July 14, 2021. On September 16, 2021, the appellant filed a motion for appeal and request for return date, seeking review of the July 12, 2021 judgment. After the appeal was lodged, the appellee filed a motion to dismiss the appeal, urging the judgment at issue is not appealable and that this court should decline to convert the appeal to an application for supervisory writ because the appeal was filed more than thirty days after the trial court's ruling in open court.

2

## APPELLATE JURSIDICTION

Our appellate jurisdiction extends to "final judgments," which are those that determine the merits in whole or in part. See La. C.C.P. arts. 1841[1] and 2083(C)[2]; see **Van ex rel. White v. Davis**, 2000-0206 (La. App. 1 Cir. 2/16/01), 808 So.2d 478, 483. It is an established rule that the overruling of a peremptory exception is an interlocutory ruling that is not appealable. See **Bourg v. Safeway Insurance Company of Louisiana**, 2019-0270 (La. App. 1 Cir. 3/5/20), 300 So.3d 881, 887 ("[T]he overruling of a peremptory exception raising the objection of no right of action or no cause of action is an interlocutory ruling that is not appealable.") Accordingly, the July 12, 2021 judgment at issue does not invoke this court's appellate jurisdiction.

Moreover, while this court has discretion to convert appeals to applications for supervisory writs,[3] it may only do so if the appeal would have been timely had it been filed as a supervisory writ application. See **Succession of Jaga**, 2016-1291 (La. App. 1 Cir. 9/15/17), 227 So.3d 325, 328 n.2. A party intending to apply to this court for a supervisory writ shall give notice of such intention by requesting a return date to be set by the trial court, which shall not exceed thirty days from the date of the notice of judgment. See Uniform Rules – Courts of Appeal, Rules 4-2 and 4-3.

---

[1] Louisiana Code of Civil Procedure article 1841 provides:

> A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

> A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

> A judgment that determines the merits in whole or in part is a final judgment.

[2] Louisiana Code of Civil Procedure article 2083(C) provides, "An interlocutory judgment is appealable only when expressly provided by law."

[3] See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39.

3

During the June 7, 2021 hearing, appellant's counsel notified the court of appellant's intent to file a writ application. The trial court took notice of that intent and ordered counsel for appellee to prepare a written judgment.[4] Notice of the July 12, 2021 judgment was mailed to counsel on July 14, 2021. Since no express return date was ordered by the district court, appellant's delay for applying for supervisory writs from the July 12, 2021 judgment expired on August 13, 2021, thirty days after notice of judgment was mailed. Appellant's motion for appeal was not filed until September 16, 2021. Accordingly, because the appeal was not filed within thirty days of the notice of judgment, this appeal cannot be converted to a writ application, and we cannot consider this appeal under this court's supervisory jurisdiction.

Considering the foregoing, we dismiss the appeal because the July 12, 2021 judgment denying the peremptory exceptions raising the objections of non-joinder of a party, prescription, no cause of action, and no right of action, is an interlocutory ruling that is not appealable. See La. C.C.P. arts. 1841 and 2083(C); see also **Bourg**, 300 So.3d at 887.

## CONCLUSION

This appeal is dismissed for lack of subject matter jurisdiction. All appeal costs are assessed to the appellant, Tomi Sue Tynes Lea.

**APPEAL DISMISSED; MOTION TO DISMISS APPEAL GRANTED.**

---

[4] Louisiana Code of Civil Procedure article 1914(B) provides, "The interlocutory judgment shall be reduced to writing if the court so orders, if a party requests within ten days of rendition in open court that it be reduced to writing, or if the court takes the interlocutory matter under advisement. The clerk shall mail notice of the subsequent judgment to each party.