## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CW 0985

RLC TRUCKING, L.L.C.

VERSUS

CHRISTOPHER WILLIAMS, DINAR TRANSPORT, INC., AND
NORTHLAND INSURANCE COMPANY

Judgment Rendered: __APR 1 9 2024__

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 721498, Sec. 25

The Honorable Wilson E. Fields, Judge Presiding

* * * * *

| | |
|---|---|
| Charlotte C. McDaniel<br>Baton Rouge, Louisiana | Attorney for Plaintiff/Appellant<br>RLC Trucking, L.L.C. |
| Barbara Malik<br>Metairie, Louisiana | Attorneys for Defendants/Appellees<br>Christopher Williams, Dinar<br>Transport, Inc., and Northland<br>Insurance Company |

* * * * *

## BEFORE: WOLFE, WELCH, AND STROMBERG, JJ.

Welch, J. concurs without reasons

Wolfe, J. concurs without reasons

**STROMBERG, J.**

Plaintiff appeals a judgment sustaining the defendants' peremptory exception raising the objections of no cause of action and no right of action and therefore dismissing, with prejudice, his claim for damages against the defendants for increased insurance premiums. For the reasons that follow, we convert this appeal to an application for supervisory writs, grant the writ, reverse the judgment, render judgment, and remand this matter.

## FACTUAL AND PROCEDURAL HISTORY

On July 22, 2022, RLC Trucking, L.L.C. ("RLC"), filed suit seeking to recover damages from Christopher Williams, Dinar Transport, Inc. ("Dinar"), and Northland Insurance Company ("Northland") (collectively "the defendants"). The facts, as alleged by RLC's petition, are as follows. On June 16, 2022, RLC owned a truck being driven by Shun L. Wafer on Interstate 20 in Bienville Parish, Louisiana. The RLC truck was involved in a collision with another truck, which was driven by Mr. Williams, owned by Dinar, and insured by Northland. A third truck, which was owned by Rich Transport and driven by Gilbert Diaz, was also involved in the collision. According to the petition, the accident was caused by Mr. Williams' negligence "on behalf of Dinar." RLC sought damages for loss of use of the truck, an increase in insurance premiums, and a loss of safety rating points, which it alleged would cause a loss of business in the future.

The defendants responded to RLC's petition by filing a peremptory exception raising the objections of no cause of action and no right of action, affirmative defenses, and an answer. As to their objections, the defendants alleged that RLC had no cause of action against a tortfeasor for increased insurance premiums and also had no right of action for the recovery of insurance premiums based on a tortfeasor's negligence, relying on **Nikolaus v. City of Baton Rouge/Parish of East Baton Rouge**, 2009-2090 (La. App. 1 Cir. 6/11/10), 40

2

So.3d 1244, 1248, **Severn Place Associates v. American Building Services, Inc.,** 05-859 (La. App. 5 Cir. 4/11/06), 930 So.2d 125, 129, and **Louisiana Swabbing Service, Inc. v. Enterprise Products Co.,** 00-1161 (La. App. 3 Cir. 5/2/01), 784 So.2d 862, 866, <u>writ denied</u>, 2001-1594 (La. 9/14/01), 796 So.2d 684.

The district court held a hearing on the objections on February 6, 2023, at which it granted the peremptory exception raising the objection of no cause of action and ordered the parties to prepare a judgment. The district court did not expressly rule upon the peremptory exception raising the objection of no right of action. The defendants then filed a motion to designate the proposed judgment as final pursuant to La. C.C.P. art. 1915(B), after which the district court held a hearing and granted the motion. Accordingly, on July 24, 2023, the district court signed a judgment wherein it granted the defendants' peremptory objections raising the exceptions of no cause of action and no right of action and dismissed RLC's claim for increased insurance premiums with prejudice. The district court designated the judgment as final pursuant to La. C.C.P. art. 1915(B). From this judgment, RLC has appealed.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure article 1915(B)(1) authorizes the appeal of a partial judgment, partial summary judgment, or judgment sustaining an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party when the judgment is designated as a final judgment by the district court after an express determination that there is no just reason for delay. Before considering the merits of an appeal, this court must determine whether the judgment is properly certified, because the designation is not determinative of this court's jurisdiction. **Asay v. Safeco Insurance Co. of Oregon,** 2020-0852 (La. App. 1 Cir. 4/16/21), 323 So.3d 395, 398. Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when

3

the parties do not raise the issue. **Bayou Manchac Holdings, LLC v. Iberville Parish Council**, 2023-0446 (La. App. 1 Cir. 12/14/23), ___ So.3d ___, ___. If no reasons for certification are given but some jurisdiction is apparent from the record, the appellate court should make a *de novo* determination of whether the certification is proper. See **R.J. Messinger, Inc. v. Rosenblum**, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122.

The July 24, 2023 judgment at issue in this case is a partial judgment because the district court's granting of the defendants' peremptory exception raising the objections of no cause of action and no right of action resulted in a judgment that only dismissed RLC's claim for damages for increased insurance premiums arising out of the June 2022 collision. RLC's other claims for damages arising out of the collision remain. The judgment was certified as a final judgment in accordance with La. C.C.P. art. 1915(B), without the district court giving reasons for the designation.

The district court erred in certifying the judgment granting the defendants' peremptory exception raising the objections of no cause of action and no right of action as final and immediately appealable. This court has held that a partial grant of a peremptory exception raising the objection of no cause of action is impermissible and prohibited by law. See **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1239 (La. 1993); **Expert Riser Solutions, LLC v. Techcrane International, LLC**, 2018-0612 (La. App. 1 Cir. 12/28/18), 270 So.3d 655, 663; **State, by and through Caldwell v. Astra Zeneca AB**, 2016-1073 (La. App. 1 Cir. 4/11/18), 249 So.3d 38, 42 (*en banc*), writs denied, 2018-00766, 2018-0758 (La. 9/21/18), 252 So.3d 899, 904. The purpose of this general rule is to prevent a multiplicity of appeals that forces an appellate court to consider the merits of the action in a piecemeal fashion. **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1236. If there are two or more items of damages or theories of

4

recovery that arise from the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is inappropriate. See **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1239; **Astra Zeneca AB**, 249 So.3d at 42; **Expert Riser Solutions**, 270 So.3d at 663. The jurisprudence treats the partial exception of no right of action in the same manner. Thus, where the plaintiff pleads multiple theories of recovery based on a single occurrence or set of operative facts, the partial grant of an exception of no right of action, which attacks only one theory of recovery and does not dismiss a party, is invalid as an impermissible partial judgment. See **Dunbar v. Howard**, 2021-1171 (La. 8/16/22), 348 So.3d 738, 744.

Thus, the district court erred in certifying the judgment as final. However, this court can exercise its supervisory jurisdiction to convert an appeal to an application for supervisory writs if the appeal would have been timely had it been filed as a supervisory writ application. See **Succession of Jaga**, 2016-1291 (La. App. 1 Cir. 9/15/17), 227 So.3d 325, 328 n.2. See also Uniform Rules—Courts of Appeal, Rules 4-2 and 4-3. In this matter, the district court ruled on the exception at the hearing and ordered the parties to prepare a judgment. The defendants prepared a judgment and also filed a motion to designate the judgment as final; the district court heard the motion and granted it, again ordering the parties to prepare a judgment. The judgment was signed on July 24, 2023, and notice of judgment was issued on July 26, 2023. RLC filed its motion and order for appeal on August 9, 2023. Thus, because the motion and order for appeal was filed within thirty days of the notice of judgment, the motion for appeal can be considered a timely filed application for supervisory writs under Uniform Rules—Courts of Appeal,

Rules 4-2 and 4-3. Accordingly, this court converts this matter to an application for supervisory writs.

In considering this matter under our supervisory jurisdiction, we initially note that the defendants filed a peremptory exception raising the objections of no cause of action and of no right of action. The peremptory exception raising the objection of no cause of action tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1235; **Labranche v. Landry**, 2022-0461 (La. App. 1 Cir. 12/15/22), 357 So.3d 395, 405. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1235.

The peremptory exception raising the objection of no right of action tests whether the plaintiff has any real and actual interest in judicially enforcing the right asserted. See La. C.C.P. arts. 681 and 927(A)(6). To prevail on a peremptory exception pleading the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. **Labranche**, 357 So.3d at 405. Evidence supporting or controverting an objection of no right of action is admissible for the purpose of showing that the plaintiff does not possess the right he claims, or that the right does not exist.[1] **Labranche**, 357 So.3d at 405.

In this case, the defendants through their exception contended that RLC had no cause of action and no right of action against them to recover their increased

---

[1] The defendants did not submit any evidence on their exception raising the objection of no right of action.

insurance premiums due to Mr. Williams' and Dinar's alleged negligence, relying on jurisprudence. Because the district court granted a partial exception of no cause of action and no right of action as to the claim for increased insurance premiums and this court's jurisprudence does not allow a judgment granting a partial exception of no cause of action and no right of action, we must reverse the district court's judgment.[2] See **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1239. Therefore, we grant the writ application and reverse the district court's judgment granting the peremptory exception raising the objection of no cause of action and the objection of no right of action.

## CONCLUSION

For the stated reasons, the appeal of the July 24, 2023 judgment is converted to an application for supervisory writs, which is granted. The July 24, 2023 judgment granting the peremptory exception raising the objections of no cause of action and of no right of action filed by Christopher Williams, Dinar Transport, Inc., and Northland Insurance Company is reversed, and we deny the peremptory exception raising the objections of no cause of action and no right of action. We remand the matter to the district court for further proceedings consistent with this opinion. Costs of this appeal are assessed to the defendants, Christopher Williams, Dinar Transport, Inc., and Northland Insurance Company.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; JUDGMENT REVERSED; JUDGMENT RENDERED.**

---

[2] Our ruling does not prevent the defendants from re-urging their challenge to RLC's right to recover damages for increased insurance premiums in a manner other than a partial exception of no cause of action, such as through a motion for summary judgment.

7